NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN MIGUEL LOPEZ-FUENTES,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-5714

Agency No.
A215-564-922

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2025[**]
Seattle, Washington

Before: W. FLETCHER, PAEZ, and DESAI, Circuit Judges.

Petitioner Juan Lopez-Fuentes, a native and citizen of Honduras, petitions for

review of a Board of Immigration Appeals ("BIA") decision dismissing his appeal

of an immigration judge's ("IJ") denial of his applications for asylum and

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

BIA's denial of asylum and withholding of removal claims for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We deny the petition.

Substantial evidence supports the BIA's determination that Lopez-Fuentes did not make the requisite showing of persecution for asylum and withholding of removal. To be eligible for asylum absent evidence of past persecution, an applicant must establish a well-founded fear of future persecution. *Id.* at 1029. And to be eligible for withholding of removal, an applicant must establish that it is "more likely than not" that he will be subject to future persecution. *Aden v. Wilkinson*, 989 F.3d 1073, 1085–86 (9th Cir. 2021) (citation omitted). An applicant who can safely and reasonably relocate within his native country does not have a well-founded fear of future persecution. *Duran-Rodriguez*, 918 F.3d at 1029; 8 C.F.R. § 1208.16(b)(2).

Lopez-Fuentes conceded, before the BIA, that he did not suffer past persecution. And the BIA properly concluded that Lopez-Fuentes failed to establish an objectively reasonable fear of future persecution. Lopez-Fuentes testified that his family has safely relocated to a new city, and that he could live with them if he returned to Honduras. Lopez-Fuentes presents evidence of violence and gang activity in Honduras, but "[r]elocation is generally not unreasonable solely because the country at large is subject to generalized violence." *Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021). Nothing in the record indicates that Lopez-Fuentes could

24-5714

not safely and reasonably relocate to Honduras and live with his family.

Substantial evidence therefore supports the BIA's decision to deny Lopez-Fuentes's application for asylum.[1] Because Lopez-Fuentes failed to meet the lower standard for asylum, he necessarily fails to meet the higher standard for withholding of removal. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

The petition is **DENIED.**

---

[1] Lopez-Fuentes also argues that the BIA erred in concluding that "people from small villages that have lived in the United States" is not cognizable as a particular social group. The court need not address this issue, as Lopez-Fuentes's failure to establish a well-founded fear of future persecution is dispositive of his petition.